UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| MARK BLICKENSTAFF, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:24-CV-00501 SPM |
| | ) | |
| FRED WESTHOFF,[1] | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION, MEMORANDUM AND ORDER**

This matter comes before the Court on review of self-represented Mark Blickenstaff's motion for leave to proceed in forma pauperis. [ECF No. 2]. The Court has reviewed the motion and the financial information submitted in support and concludes that plaintiff is financially unable to pay the filing fee. The Court will therefore grant the motion. *See* 28 U.S.C. § 1915(a)(1). Additionally, for the reasons discussed below, the Court will dismiss this action, without prejudice.

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

---

[1] The Clerk has spelled defendant Westhoff's name as "Westoff" on the Court docket. Because plaintiff spells defendant's name as "Westhoff," the Court will instruct the Clerk to change the spelling of the name on the docket.

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must assume the veracity of well-pleaded facts but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even self-represented complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

## The Complaint

Plaintiff Mark Blickenstaff brings this action pursuant to 42 U.S.C. § 1983 against Judge Fred Westhoff, a family court judge in Lewis County, Missouri. Plaintiff asserts that he was arrested on or about April 18, 2019, in Lewis County, Missouri, on a matter unrelated to the custody case in front of Judge Westhoff. Although plaintiff does not indicate why he was arrested, or indicate the charge under which he was held, he claims he was held under "excessive bail" in

Lewis County Jail in Monticello, Missouri, and as a result, he missed a "custody case" with his ex-wife.[2]

Plaintiff alleges that he "allowed" his family law attorney to withdraw from representing him in front of Judge Westhoff, but this allowed the family court issue to proceed without plaintiff's opportunity to be heard because he was in jail at the time. Plaintiff does not indicate when he was let out of jail. Plaintiff complains that his legal rights "with [respect] to his kids were given to [his] ex-wife." However, a consent judgment and joint parenting agreement which plaintiff also signed, was entered in the family court case on May 28, 2019, setting forth times and dates that both parties had custody of the children. The joint parenting plan also set forth an amount of child support plaintiff had to pay to his ex-wife at $300.00 per month. *See Blickenstaff v. Blickenstaff,* No. 17LE-CV00044-01 (2nd Jud. Cir., Lewis County Court).

For relief in this action plaintiff seeks over two million dollars.

**Discussion**

Plaintiff appears to be suing the family court judge, Judge Westhoff, for over two million dollars, for allowing him to enter a joint parenting plan against the advice of his attorney. This obligated plaintiff to not only lose additional custody with his children, but also obligated him to pay his ex-wife $300.00 per month in child support. Although he takes pains in his complaint to

---

[2] A review of the family court docket on Missouri Case.Net indicates that plaintiff and his ex-wife, Desarae Blickenstaff were divorced on or about July 7, 2017. *See Blickenstaff v. Blickenstaff,* No. 17LE-CV00044 (2nd Jud. Cir., Lewis County Court). At the time of the divorce, the parties were granted joint physical and legal custody over the three minor children KPB, DMB and EMB. Neither party was ordered to pay child support. However, plaintiff filed a motion to modify custody on November 8, 2018, arguing that Desarae Blickenstaff had failed to allow equal time with the children. *See Blickenstaff v. Blickenstaff,* No. 17LE-CV00044-01 (2nd Jud. Cir., Lewis County Court). Although at the time he filed the motion to modify, he was represented by counsel, on April 23, 2019, his counsel filed a motion to withdraw from representation of plaintiff. Plaintiff signed, as an attachment to the joint parenting plan, a document noting that he was signing the joint parenting plan against the advice of his attorney on April 29, 2019.

3

assert that the issue in the action to modify in Lewis County arose from him representing himself after he was being held in a criminal case on excessive bond, he does not explain what case he was being held on at the time his family court case was proceeding or indicate how his criminal action interfered with his modification case.

Regardless, this Court cannot interfere with the consent judgment entered in the family court case, or the joint parenting plan he readily agreed to in his modification action, as it has no jurisdiction to do so. Federal courts lack jurisdiction over cases involving divorce and child custody. *See Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992). State courts have exclusive jurisdiction over such matters. *Id.* at 703–04. "The whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the states, and not to the laws of the United States." *Ex parte Burrus*, 136 U.S. 586, 593–94 (1890). "The domestic relations exception … divests the federal courts of jurisdiction over any action for which the subject is a divorce, allowance of alimony, or child custody." *Kahn v. Kahn*, 21 F.3d 859, 861 (8th Cir. 1994) (internal citations omitted). Clearly, the subject of this case is child custody. Therefore, the domestic relations exception divests this Court of jurisdiction.

Additionally, it appears the *Rooker-Feldman* doctrine[3] also divests this Court of subject matter jurisdiction. The *Rooker-Feldman* doctrine recognizes that, except for habeas corpus petitions, lower federal courts lack subject matter jurisdiction over "cases brought by state court losers complaining of injuries caused by state court judgments rendered before the district court proceedings are commenced and inviting district court review and rejection of those judgments." *Exxon Mobile Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005); *see also Ballinger v. Culotta*, 322 F.3d 546, 548 (8th Cir. 2003) (a federal district court lacks jurisdiction to consider a

---

[3] *See generally Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983).

claim which "in effect constitutes a challenge to a state court decision"). The *Rooker-Feldman* doctrine forecloses both straightforward appeals, and indirect attempts by federal plaintiffs to undermine state court decisions. Impermissible appellate review occurs when a lower federal court entertains claims that are "inextricably intertwined" with the state court judgment. *Feldman*, 460 U.S. at 482 n. 16; *Keene Corp. v. Cass*, 908 F.2d 293, 297 (8th Cir. 1990). The federal claims are inextricably intertwined with the state court judgment "if the federal claim succeeds only to the extent that the state court wrongly decided the issue before it." *Keene,* 908 F.2d at 296 (internal citations omitted).

Here, plaintiff's claims challenge the state court's May 28, 2019, child custody decision, and seeks to undermine it. If plaintiff's federal claims succeed, and this Court grants him the damages he seeks, it would intimate that the state court wrongfully decided the custody issue before it. Plaintiff's claims are therefore inextricably intertwined with the state court decision, and entertaining them would amount to impermissible appellate review. Under the *Rooker-Feldman* doctrine, this Court lacks subject matter jurisdiction to review plaintiff's claims.

Even if jurisdiction existed, the Court would dismiss this case pursuant to 28 U.S.C. § 1915(e)(2)(B).  Plaintiff states he brings his claims pursuant to 42 U.S.C. § 1983, which provides a broad remedy for violations of federally protected civil rights. To state a claim under 42 U.S.C. § 1983, a plaintiff must establish: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) that the alleged deprivation of that right was committed by a person acting under color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).  However, judicial immunity provides judges with immunity from suit, allowing them to exercise the authority with which they are vested, and to act upon their own convictions. *See Hamilton v. City of Hayti, Missouri*, 948 F.3d 921, 925 (8th Cir. 2020). "Like other forms of official immunity, judicial

5

immunity is an immunity from suit, not just from ultimate assessment of damages." *Mireles v. Waco*, 502 U.S. 9, 11 (1991). This immunity applies even when the judge is accused of acting maliciously or corruptly. *Pierson v. Ray*, 386 U.S. 547, 554 (1967). *See also Woodworth v. Hulshof*, 891 F.3d 1083, 1090 (8th Cir. 2018) (stating that "judicial immunity is not overcome by allegations of bad faith or malice"). Moreover, "a judge will not be deprived of his immunity because the action he took was in error or was in excess of his authority." *Justice Network, Inc. v. Craighead Cty.*, 931 F.3d 753, 760 (8th Cir. 2019).

A judge's immunity from 42 U.S.C. § 1983 actions bars a plaintiff's recovery in all but two narrow sets of circumstances. *Schottel v. Young*, 687 F.3d 370, 373 (8th Cir. 2012). First, a judge does not have immunity for non-judicial actions. *Duty v. City of Springdale, Ark.*, 42 F.3d 460, 462 (8th Cir. 1994). "An act is a judicial act if it is one normally performed by a judge and if the complaining party is dealing with the judge in his judicial capacity." *Birch v. Mazander*, 678 F.2d 754, 756 (8th Cir. 1982). *See also Justice Network, Inc.*, 931 F.3d at 760 (stating "that to determine whether an act is judicial, courts look to the particular act's relation to the general function normally performed by a judge").

Second, a judge is not immune from lawsuits based on actions taken in the complete absence of jurisdiction. *Duty*, 42 F.3d at 462. This is the case even if the judge's actions were judicial in nature. *Schottel*, 687 F.3d at 373. In the context of judicial immunity, however, the scope of the judge's jurisdiction is construed broadly. *Justice Network, Inc.*, 931 F.3d at 762. "[A]n action – taken in the very aid of the judge's jurisdiction over a matter before him – cannot be said to have been taken in the absence of jurisdiction." *Mireles*, 502 U.S. at 13.

For these reasons, this action this action is subject to dismissal. The Court therefore dismisses this action, without prejudice.

6

Accordingly,

**IT IS HEREBY ORDERED** the Clerk shall change defendant's name to "Westhoff" on the Court docket.

**IT IS FURTHER ORDERED** that plaintiff's motion seeking leave to commence this action without prepaying fees or costs [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that this case is **DISMISSED** without prejudice. A separate Order of Dismissal will be entered herewith.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this 22nd day of April, 2024.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE